# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAYBURN WILKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-842 RLW |
| DAINTEZ JACKSON, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff's Amended Complaint (ECF No. 5), filed in response to the Court's Order Concerning Jurisdiction (ECF No. 4) of June 29, 2020. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the Plaintiff. See McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). "When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" McNutt, 278 U.S. at 189.

The Court ordered Plaintiff to file an Amended Complaint to "allege[] facts showing an amount in excess of $75,000 is in controversy, and that there is complete diversity of citizenship between the parties." (ECF No. 4 at 2.) Plaintiff's Amended Complaint is procedurally defective and fails to establish the existence of diversity jurisdiction.

First, Plaintiff does not allege the citizenship of the parties, as the Amended Complaint alleges only the states of residence of Plaintiff and Defendant. (ECF No. 5 at 1.) To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a). It is well established that allegations concerning the parties' residency do not satisfy requirements for federal diversity jurisdiction. Reece v. Bank of New York Mellon, 760 F.3d 771, 777-78 (8th Cir. 2014); Pattiz v. Schwartz, 386 F.2d 300, 301 (8th Cir. 1968) (citing cases).

Second, in a case based on this Court's diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Federal courts strictly construe the amount in controversy requirement, as the purpose underlying it is to limit the courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339 (1969). Although Plaintiff alleges the legal conclusion that "the matter in controversy exceeds $75,000.00" (ECF No. 5 at 1), the Amended Complaint does not include adequate facts to offer minimal support for this conclusion. Further, the only express prayer for relief is for "an injunction from the use of Plaintiff's name and likeness and all other activities deleterious to the Plaintiff's business." (Id. at 3.) It is well established "in a suit for declaratory or injunctive relief the amount in controversy is the value to the plaintiff of the right that is in issue." Usery v. Anadarko Petroleum Corp., 606 F.3d 1017, 1018 (8th Cir. 2010) (cited cases omitted). Although this principle is "sometimes referred to . . . as the 'plaintiff's viewpoint rule,'" id. at 1019, the Eighth Circuit has explained:

> [T]his does not mean, as plaintiffs seem to think, that their view of what the asserted right is worth is controlling. The question is not how a plaintiff subjectively values a right or even what his or her good-faith estimate of its objective value is: The question is the actual value of the object of the suit.

Id. at 1019.

Plaintiff must allege enough facts as to the amount in controversy so the Court can determine whether "a fact finder might legally conclude" that his damages exceed $75,000. See Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) (legal standard).

Plaintiff will be given the opportunity to file a Second Amended Complaint to address the defects in the jurisdictional allegations as to complete diversity of citizenship and the requisite amount in controversy.

In addition, the caption of the Amended Complaint is procedurally defective because it only includes the last name of each party. See Rule 10(a), Fed. R. Civ. P. ("The title of the complaint must name all the parties[.]").

Finally, Plaintiff has failed to comply with E.D. Mo. Local Rule 2.02(A), which states, "Every complaint or other document commencing a civil case shall be accompanied by a completed Civil Cover Sheet, an Original Filing Form and a Disclosure of Organizational Interest Certificate. These required documents must be filed in the form provided by and available from the Clerk of Court." E.D. Mo. L.R. 2.02(A). Plaintiff has not filed a completed Civil Cover Sheet or Original Filing Form as required by the Local Rule.

Plaintiff has also failed to comply with Local Rule 2.02(B), which states in pertinent part, "[T]he plaintiff shall provide at the time a complaint is submitted for filing a completed summons accompanied by a Notice of Process Server form . . . , or request for waiver of service for each defendant pursuant to Fed. R. Civ. P. 4." E.D. Mo. L.R. 2.02(B). Plaintiff has not submitted any documents related to service of process as required by the Local Rule.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff must file a Second Amended Complaint that alleges the state of citizenship of each party, and minimal jurisdictional facts to support the existence of an amount in controversy in excess of $75,000, by **July 14, 2020**.

**IT IS FURTHER ORDERED** that Plaintiff shall include the parties' full names in the caption of the Second Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file with the Clerk of the Court a completed Civil Cover Sheet, Original Filing Form, a Memorandum requesting a summons, a proposed summons, and a Notice of Process Server, by **July 14, 2020**.

**IT IS FURTHER ORDERED** that if Plaintiff does not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction and for failure to obey the Orders of the Court.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of July, 2020.